## UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CAREY VALLIER, JR.**<br>   **LA DOC #508364** | **CIVIL ACTION NO. 6:11-cv-2095** |
| **VS.** | **SECTION P** |
| | **JUDGE HAIK** |
| **WARDEN, RICHLAND PARISH**<br>**DETENTION CENTER** | **MAGISTRATE JUDGE HILL** |

## REPORT AND RECOMMENDATION

*Pro se* petitioner Carey Vallier, Jr. filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254.  When Vallier filed this petition he was incarcerated at the Rayville Parish Detention Center in Rayville, Louisiana.  However, he has apparently now been released from custody.  [*See* rec. doc. 39].  Petitioner attacks his 2006 armed robbery conviction imposed by the Twenty-Seventh Judicial District Court for St. Landry Parish.

This matter has been referred to the undersigned in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court. For the following reasons, it is recommended that this *habeas corpus* petition be **DENIED AND DISMISSED WITH PREJUDICE**.

## STATEMENT OF THE CASE

On January 7, 2005 petitioner was charged with armed robbery.  His first trial by jury ended in mistrial on May 17, 2005.  On January 10, 2006, petitioner waived his right to jury trial, and on January 19, 2006 the court found petitioner guilty as charged.

On June 2, 2006, petitioner's trial counsel, Janet Dunn Malbrough ("Malbrough"), filed Motion for a New Trial based on newly discovered evidence, namely, that witness Margarite Stevens ("Stevens") made a false statement under oath. [tr. pg. 81].  A hearing was set for July 7, 2006. [tr. pg. 82]. On July 7, 2006, the court took no action on the Motion, and instead allowed an additional ten days for counsel to file an additional pleading. The court also set petitioner's sentencing for August 4, 2006.  [tr. pg. 112]. Petitioner alleges that no additional written Motion for a New Trial was filed. Accordingly, on August 4, 2006, petitioner was sentenced to serve 15 years at hard labor, 10 years of the sentence to be served without benefit of parole. [tr. pg. 117].  Malbrough orally moved for reconsideration of petitioner's sentence, and was given an opportunity to follow up with a written motion. [tr. pg. 117].  Petitioner alleges that Malbrough did not file a written motion to reconsider his sentence.  Instead, petitioner filed a *pro se* Motion to Reconsider his sentence.  [tr. pg. 125-128]. Petitioner's counseled oral and *pro se* written motions to reconsider his sentence were denied on September 7, 2006.[1] [tr. pg. 128].

Thereafter, on July 15, 2008, petitioner filed an Application for Post-Conviction relief. [tr. pg. 656-667].  On January 8, 2009 a hearing was held, at which petitioner was represented by new counsel, Francis A. Olivier, III ("Olivier").   At that time, the trial

---

[1]Petitioner apparently filed a writ of mandamus in the Louisiana Third Circuit Court of Appeal seeking an Order requiring the trial court to act on his Motion to Reconsider Sentence.  However, that writ application was denied on May 10, 2007 because the trial court had already rendered its ruling on September 7, 2006. [tr. pg. 174].

court realized that there had been no ruling on the petitioner's oral Motion for New Trial. Accordingly, the court denied petitioner's Post-Conviction Application as premature. [tr. pg. 541, 1129-1135].  A Per Curiam decision dated January 30, 2009 followed. [tr. pg. 673-674].

The trial court's January 30, 2009 decision reveals that petitioner also filed  a motion for production of documents on January 13, 2009, a motion to compel production of public records on January 20, 2009, and notice of intent to appeal the denial of his application for post-conviction relief on January 27, 2009.  In the January 30, 2009 ruling, the court explained its ruling on petitioner's Post-Conviction Application and denial of these motions as follows:  "all motions in connection with post conviction relief would be premature until the Court has ruled on the defendant's motion for new trial at which time if the motion is granted, then the prosecution would run anew. If the motion for new trial is not granted, then the defendant still has his appellate rights and would be able to appeal his conviction. It is then and only after the appellate rights of the defendant have been acted upon would post conviction relief rights . . . be appropriate before the Court." [tr. pg. 673; Doc. 1-2, pp. 18-19].

A hearing on petitioner's Motion for a New Trial was held on May 7, 2009. [tr. pg. 548].  At the hearing, Olivier entered the transcript of the evidence introduced at trial, and argued that the evidence was insufficient to support petitioner's conviction, based in large part, on the alleged unreliability of the testimony of Stevens.  The Court took the matter

3

under advisement, to allow the Court to read the trial transcript and the comments he previously made in finding petitioner guilty.  [tr. pg. 1450-1455].  The Motion for New Trial was denied by Ruling dated July 14, 2009.  In the Ruling the court cited the testimony of Satchell, Stevens and Deputy Chevis, and included colloquies from Satchell and Stevens. [tr. pg. 241-245].  Petitioner's August 4, 2006 sentence was vacated, and sentencing was reset for September 3, 2009. [tr. pg. 245].

On September 3, 2009 the trial court re-sentenced petitioner to serve 15 years at hard labor, 10 of which were to be served without benefit of parole. [tr. pg. 231, 550, 1136-1140]. Olivier orally moved for an appeal, a copy of the trial transcript and for appointment of the Louisiana Appellate Project to prepare petitioner's direct appeal, all of which were granted by the court. [tr. pg. 231].  Olivier thereafter also filed a written Notice of Appeal, a request for the trail transcript and appointment of the Louisiana Appellate Project. [tr. pg. 372-373].  This Motion was granted by Order dated September 30, 2009. [tr. pg. 374].

Petitioner appealed to the Louisiana Third Circuit Court of Appeal arguing five assignments of error as follows: (1) insufficient evidence to support petitioner's conviction for armed robbery; (2) trial court erred by denying petitioner's motion for new trial; (3) petitioner's sentence was illegal; (4) ineffective assistance of counsel for (a) failing to challenge evidence of identification, (b) failing to move for a timely resolution of petitioner's motion for a new trial, and (c) failing to assure that the motion for new trial was sufficient; and (5) trial court erred by failing to properly determine that petitioner's

4

waiver of jury trial was free and voluntary. [rec. doc. 15].

On May 5, 2010, the Third Circuit Court of Appeals affirmed petitioner's conviction. With regard to the sentencing claim, however, the Court of Appeals determined that the sentencing court erred when it ordered that a portion, but not all, of the sentence be served without benefit of parole.  Accordingly, the illegal sentence was vacated and the case was remanded for re-sentencing. *State of Louisiana v. Carey Vallier, Jr.*, 2009-1249, 34 So.3d 1168 (Table), 2010 WL 1780277 (La. App. 3rd Cir. 2010).

Petitioner was re-sentenced on July 1, 2010 to serve ten years imprisonment at hard labor without benefits. [tr. pg. 405-407].

On January 14, 2011, the Louisiana Supreme Court denied writs without comment. *State of Louisiana v. Carey Vallier, Jr.*, 2010-1380, 52 So.3d 898 (La. 2011).  Petitioner argued the following assignments of error in the Louisiana Supreme Court: (1) insufficient evidence to support petitioner's conviction for armed robbery; (2) petitioner's sentence was illegal; (3) that prosecution witness Margarita Stevens committed perjury and that the prosecutor engaged in prosecutorial misconduct by knowingly suborning her perjured testimony; (4) ineffective assistance of counsel for (a) failing to file a direct appeal, (b) failing to file a sufficient written motion for a new trial, (c) failing to file a written motion for reconsideration of petitioner's sentence, (d) failing to request a mistrial because of the introduction of perjured testimony, and (e) advising petitioner that waiver of his right to a jury trial was in petitioner's best interest; (5) that

petitioner's waiver of jury trial was not free and voluntary because counsel convinced petitioner that waiver was in his best interest; and (6) that the trial court departed from proper judicial procedure by denying petitioner's application for post-conviction relief as premature.

On September 7, 2011, petitioner attempted to obtain an extension of time within which to submit an application for *writ of certiorari* to the United States Supreme Court. However, his request was denied by letter dated September 15, 2011 and, accordingly, petitioner was unable to obtain further review. [Doc. 1-2, pp. 2-4].

Petitioner filed the instant petition for federal *habeas corpus* relief on November 22, 2011.  He asserts the following claims for relief: (1) that there was insufficient evidence to support his conviction; (2) that he received ineffective assistance of counsel because counsel (a) advised him that is was in his best interest to waive his right to jury trial; (b) failed to file a direct appeal; (c) failed to file a written Motion for New Trial; and (d) failed to file a written Motion to Reconsider Sentence; (3) that his waiver of trial by jury was involuntary because counsel erroneously advised petitioner that waiver of his right to trial by jury was in his best interest; and (4) that the state court exceeded its jurisdiction by departing from proper judicial proceedings.

Petitioner filed a second Application for Post-Conviction relief on June 29, 2012. [tr. pg. 391-404].  That Application was denied by the trial court on July 20, 2012. [tr. pg. 390].  Petitioner did not seek review of the denial in the Louisiana Third Circuit Court of Appeal.

In light of the above, the undersigned advised the parties that it appeared that the only claims which are properly before this Court were petitioner's claim that there was insufficient evidence to support his conviction and the claim that petitioner received ineffective assistance of counsel because counsel failed to file a written Motion for New Trial, and that the remainder of petitioner's claims appeared to be technically defaulted because they were never properly presented for ruling in the Louisiana state courts, having been raised for the first time by petitioner in the Louisiana Supreme Court. However, the undersigned took no *sua sponte* action to allow a response by the State and Vallier by Answer and Reply, respectively.  [*See* rec. doc. 24].

 The State has filed an Answer with exhibits. [rec. docs. 33, 34, 35 and 38]. Petitioner did not file a Reply.  This Report and Recommendation follows.

## LAW AND ANALYSIS

### A.  Procedural Default

The scope of federal *habeas* review is limited by the intertwined doctrines of procedural default and exhaustion. Procedural default exists where (1) a state court clearly and expressly bases its dismissal of a claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal, ("traditional" procedural default), or (2) the petitioner fails to properly exhaust all available state remedies, and the state court to which he would be required to petition would now find the claims procedurally barred, ("technical" procedural default).  In either instance, the petitioner is deemed to have forfeited his federal *habeas* claim. *Bledsue v.*

7

*Johnson*, 188 F.3d 250, 254-55 (5th Cir. 1999) *citing Coleman v. Thompson*, 501 U.S. 722, 735 n. 1, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1986) and *O'Sullivan v. Boerckel*, 526 U.S. 838, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999).

**"Technical" Procedural Default**

The State argues that all of petitioner's claims, except his claim that there was insufficient evidence to support his conviction (claim 1) and claim that petitioner received ineffective assistance of counsel because counsel failed to file a written Motion for New Trial (claim 2(c)), are "technically" procedurally defaulted.  More specifically, the State argues that these claims were never properly presented for ruling in the Louisiana state courts, they therefore remain un-exhausted, and because the time limitation for proper presentation has lapsed, these claims are "technically" procedurally defaulted.  The State's position is well taken.

Applicants seeking *habeas* relief under § 2254 are required to exhaust all claims in state court before requesting federal collateral relief. 28 U.S.C. § 2254(b)(1); *Mercadel v. Cain,* 179 F.3d 271, 275 (5th Cir. 1999); *Fisher v. Texas,* 169 F.3d 295, 302 (5th Cir. 1999); *Whitehead v. Johnson,* 157 F.3d 384,387 (5th Cir. 1998). In order to satisfy the exhaustion requirement, the *habeas* petitioner must have fairly presented the substance of his claims to the state's highest court, even when review by that court is discretionary. *O'Sullivan v. Boerckel,* 526 U.S. 838, 119 S.Ct. 1728 (1999); *Magouirk,* 144 F.3d at 360.

Moreover, in order to provide the highest state court a fair opportunity to pass upon the claim, the applicant must "present his claims before the state courts in a

procedurally proper manner according to the rules of the state courts." *Mercadel,* 179 F.3d at 275 *citing Dupuy* v. *Butler,* 837 F.2d 699,702 (5th Cir. 1988).  This entails submitting the factual and legal basis of the claim to the highest available state court for review in a procedurally correct manner. *Satterwhite v. Lynaugh*, 886 F.2d 90, 92-93 (5th Cir. 1989).  When a petitioner has raised a claim in a procedural posture "in which its merits will not be considered," he has not "fairly presented" the claim to the state courts and, accordingly, has not satisfied the exhaustion doctrine. *Castille v. Peoples*, 489 U.S. 346, 351, 109 S.Ct. 1056, 103 L.Ed.2d 380 (1989);  *Satterwhite*, 886 F.2d at 92-93. Accordingly, both the United States Supreme Court and the Fifth Circuit have held that the presentation of claims for the first time on discretionary review to the state's highest court does not constitute "fair presentation" for exhaustion purposes.  *Castille*, 489 U.S. at 351; *Satterwhite*, 886 F.2d at 92.

Furthermore, the exhaustion requirement is not satisfied if the prisoner presents new legal theories or new factual claims in his federal *habeas* petition.  *Nobles v. Johnson,* 127 F.3d 409, 420 (5th Cir. 1997) *citing Anderson v. Harless*, 459 U.S. 4, 6-7, 103 S.Ct. 276, 277-78, 74 L.Ed.2d 3 (1982) and *Vela v. Estelle*, 708 F.2d 954, 958 (5th Cir. 1983)*.*  Moreover, "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts." *Id. citing Anderson,* 459 U.S. at 6, 103 S.Ct. at 277; *See also Wilder,* 274 F.3d at 259.  Rather, the federal *habeas* petitioner must have provided the state courts with a " 'fair opportunity' to apply controlling legal principles to the facts bearing upon his constitutional claim." *Id. quoting Picard,* 404 U.S. at 276-77,

92 S.Ct. at 513.  Therefore, the Fifth Circuit has consistently held that claims relying on new factual allegations or significantly stronger evidentiary support are unexhausted. *See Barrientes v. Johnson,* 221 F.3d 745, 762 (5th Cir. 2000); *Brown v. Estelle,* 701 F.2d 494, 495-96 (5th Cir. 1983).

Finally, each specific allegation of ineffective assistance must first be properly presented to the state courts as an independent claim in order to satisfy the exhaustion requirement.  *Joyner v. King,* 786 F.2d 1317, 1320 (5th Cir.), *cert. denied,* 479 U.S. 1010, 107 S.Ct. 653, 93 L.Ed.2d 708 (1986) (holding that "the policies of comity and federalism underlying the exhaustion doctrine" require that "new factual allegations in support of previously asserted legal theory" be first presented to the state court)*; Jones v. Jones,* 163 F.3d 285, 297 (5th Cir. 1998) (examining each alleged deficiency of counsel as an individual claim for exhaustion purposes); *Barton v. Quarterman,* 2007 WL 3228107, *13 (S.D. Tex. 2007) (citing *Jones* noting that "the Fifth Circuit has recognized that where a petitioner lodges multiple claims for ineffective assistance of counsel each distinct allegation of ineffective assistance must be exhausted."); *Kingery v. Dretke,* 2006 WL 1441925, *5 (S.D. Tex. 2006) (same); *Thomas v. Collins,* 919 F.2d 333, 334-335 (5th Cir. 1990); *Allridge v. Cockrell*, 92 Fed. Appx. 60, 73-74 (5th Cir. 2003);  *Rodriguez v. McKaskle*, 724 F.2d 463, 466 (5th Cir. 1984), *cert. denied*, 469 U.S. 1039, 105 S.Ct. 520, 83 L.Ed.2d 408 (1984) (finding claims unexhausted "because the essential facts on which the claim of ineffective counsel rests have not been presented to the state court."); *Burns*

10

*v. Estelle*, 695 F.2d 847, 850 (5th Cir. 1983) (finding an ineffective assistance of counsel claim unexhausted because "the factual bases underlying petitioner's federal claim are significantly different from those underlying his state claim"). *See also  Maynard v. Lockhart*, 981 F.2d 981, 984 fn 1 (8th Cir. 1992) ("To preserve an allegation of ineffective assistance for federal *habeas* review, a petitioner must present that specific allegation to a state court."); *Grubbs v. Singletary*, 120 F.3d 1174, 1178 (11th Cir. 1997) (exhaustion requires the petitioner to "present to the state courts the specific instances of alleged ineffective assistance of trial counsel" that he asserts in federal court). Otherwise, the "federal *habeas* court would find itself in the anomalous position of adjudicating an unexhausted constitutional claim. . . ." *Murray,* 106 S.Ct. at 2646.

Review of the record of these proceedings reveals that petitioner presented his first, second and fourth ineffective assistance of counsel claims (claims 2(a)(b) and (d)), his third claim, that his waiver of trial by jury was involuntary because counsel erroneously advised petitioner that waiver of his right to trial by jury was in his best interest, and fourth claim, that the state court exceeded its jurisdiction by departing from proper judicial proceedings, for the first time in the Louisiana Supreme Court. Accordingly, these claims were never properly presented for ruling in the Louisiana state courts.[2]

---

[2]Under Louisiana law, the various Courts of Appeal have supervisory jurisdiction over cases which arise within their circuits. LSA Const. Art. 5, § 10(a).  Likewise, the Louisiana Supreme Court has supervisory jurisdiction over the courts of appeal. LSA Const. Art. 5, § 5.  However, absent a change in the applicable law, appellate courts do not consider claims which were not properly raised in, and

A petitioner has "technically exhausted" his claims if he fails to properly and timely present them to each level of the Louisiana courts, and he is thereafter time-barred from seeking relief in those courts. *Magouirk*, 144 F.3d at 358 *citing Coleman*, 501 U.S. at 731-33 and *Sones v. Hargett*, 61 F.3d 410, 416 (5th Cir. 1995); *Jones,* 163 F.3d at 296; *Coleman*, 501 U.S. 732, 735 fn. 1; *Bledsue*, 188 F.3d at 254-55; *Fuller v. Johnson*, 158 F.3d 903, 905-06 (5th  Cir. 1998). In such a case, however, there is no difference between non-exhaustion and procedural default. *Magouirk*, 144 F.3d at 358; *Jones,* 163 F.3d at 296.  Accordingly, when a petitioner fails to exhaust state court remedies because he has allowed his federal claims to lapse, those claims are "technically" procedurally defaulted. *Id.*

Since petitioner failed to properly present all but one of his ineffective assistance of counsel claims, his involuntary waiver of trial by jury claim based on  the alleged erroneous advice of counsel[3] and his claim that the state court exceeded its jurisdiction by

---

addressed by, the lower court.  *See Fried v. Bradley*, 52 So.2d 247, 257 (La. 1951); *Segura v. Frank*, 630 So.2d 714, 725 (La. 1994); *see also Nodier v. Ungarino & Eckert,* 2007 WL 1300805, *3 (La. App. 1st Cir. 2007) (and cases cited therein);  Uniform Rules-Courts of Appeal, Rule 1-3 (limiting appellate review to "only issues which were *submitted* to the trial court . . . .").

While this rule may seem harsh, the rule preserves the proper allocation of functions between the lower courts and the appellate courts, assigning initial decision of the claim to the trial court, first review of the lower court's decision to the court of appeal and discretionary review of the decision of the lower and intermediate appellate court to the Louisiana Supreme Court.  The purpose of the rule would be thwarted if a litigant was able to directly raise claims in the Louisiana Third Circuit Court of Appeal or the Louisiana Supreme Court without first obtaining lower court review.

[3]Petitioner did challenge his waiver of the right to trial by jury in the Third Circuit.  However, his claim was based on a different factual foundation, namely, that the trial court erred by not properly or sufficiently verifying that petitioner's waiver was knowing, free and voluntary.  Petitioner did not assert in the Third Circuit that his counsel had erroneously advised him that a bench trial was in his best interest or that counsel had coerced petitioner to waive his jury trial right thereby invalidating his waiver. In the Third Circuit petitioner argued that the trial court failed to sufficiently verify that Vallier's waiver was knowingly and intelligently entered with a full understanding of the consequences and significance of the

departing from proper judicial proceedings to the Louisiana Supreme Court, those claims remain unexhausted, and for purposes of federal *habeas corpus* review, because petitioner can not now meet the exhaustion requirement, those claims are "technically" procedurally defaulted.[4]  *See Wilder; O'Sullivan*; *Magouirk; Richardson; Mercadel; Dupuy; Coleman; Sones; Bledsue;* and *Fuller, supra.*

This court may therefore refuse to review the merits of these claims unless petitioner demonstrates that he should be excused from application of the procedural default doctrine. This he can do by showing cause[5] and prejudice for the default or by

---

waiver.  Accordingly, while the legal basis of petitioner's claim in the Louisiana Supreme Court was the same, the factual support for that claim was different than that asserted in the Third Circuit. Accordingly, the Louisiana courts were denied the opportunity to rule on the merits of petitioner's claim because the claim was not properly presented to those courts in a procedurally proper manner for ruling. *See Nobles, Barrientes and Brown, supra*.

[4] *See* La.C.Cr.P. art. 930.8 providing a two year limitation period for filing applications for post-conviction relief;  Article 930.3 listing the exclusive grounds for the grant of post-conviction relief, Article 930.4(A) providing "Unless required in the interest of justice, any claim for relief which was fully litigated in an appeal from the proceedings leading to the judgment of conviction and sentence shall not be considered", and Article 930.4(C) providing "If the application alleges a claim which petitioner raised in the trial court and inexcusably failed to pursue on appeal, the court may deny relief."

Moreover, although petitioner did file a second post-conviction application in the trial court, that application was denied on July 20, 2012 and the delay for seeking writs in the Louisiana Third Circuit Court of Appeal has long since expired.  *See* Rule 4-3 Uniform Rules - Courts of Appeal.

[5] In *Murray v. Carrier*, the Supreme Court explained that "cause" requires an impediment external to the defense:

"[W]e think that the existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule. Without attempting an exhaustive catalog of such objective impediments to compliance with a procedural rule, we note that a showing that the factual or legal basis for a claim was not reasonably available to counsel, or that some interference by officials made compliance impracticable, would constitute cause under this standard."

*Id.* at 488, 106 S.Ct. at 2645 (internal citations omitted).

showing that a miscarriage of justice[6] will result from the denial of federal *habeas* review. *See Finley*, 243 F.3d 215, 220-221 (5th Cir. 2001); *Coleman, supra; McCleskey v. Zant*, 499 U.S. 467, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991); *Moore v. Roberts*, 83 F.3d 699 (5th Cir. 1996); *Gray v. Netherland*, 518 U.S. 152, 116 S.Ct. 2074, 135 L.Ed.2d 457 (1996); *Sones*, 61 F.3d at 416; *Murray*, 477 U.S. at 496, 106 S.Ct. at 2649; *Glover*, 128 F.3d at 904; *Ward v. Cain*, 53 F.3d 106, 108 (5th Cir. 1995); *Callins v. Johnson*, 89 F.3d 210, 213 (5th Cir. 1996) *quoting McClesky*, 499 U.S. at 495, 114 S.Ct. at 1471.

By Order requiring the State to respond to the instant petition, petitioner was placed on notice that the procedural default doctrine might be applicable to his claims, and, accordingly by Reply, petitioner was given an opportunity to present valid reasons why his claims are not subject to the procedural default doctrine. [rec. doc. 24]. Petitioner, however, has not filed a Reply and, accordingly, has failed to present any valid argument as to why his claims are not barred by the procedural default doctrine. [7]

Because petitioner has failed to demonstrate cause for his default, this court will not consider whether there is actual prejudice. *Saahir v. Collins*, 956 F.2d 115, 118 (5th Cir. 1992).

------

[6]In order for a *habeas corpus* petitioner to avoid a procedural default by showing a fundamental miscarriage of justice, the petitioner must assert his actual innocence by showing that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray,* 106 S.Ct. at 2649; *Glover*, 128 F.3d at 904. To support such an exception, the petitioner must allege that, as a factual matter, he did not commit the crime of which he was convicted. *Corwin v. Johnson*, 150 F.3d 467, 473 (5th Cir. 1998); *Ward*, 53 F.3d at 108. Thus, the petitioner must make a "colorable showing of factual innocence." *Callins*, 89 F.3d at 213 *quoting McClesky*, 499 U.S. at 495, 114 S.Ct. at 1471.

[7]Petitioner was additionally advised that the procedural default doctrine might be applicable to his claims in a prior court order. [rec. doc. 3].  However, Vallier did not address that issue in his response to that Order either.

14

Further, petitioner has failed to demonstrate, that, as a factual matter, he is actually innocent of the crime of which he was convicted.  Thus, he will not suffer a fundamental miscarriage of justice from this court's failure to consider his claims.  Accordingly, petitioner cannot avoid procedural default on grounds of actual innocence.

Based on the above, the undersigned finds that petitioner's claims that counsel was ineffective by advising that is was in Vallier's best interest to waive his right to jury trial, failing to file a direct appeal, and by failing to file a written Motion to Reconsider Sentence (Claim 2(a)(b) and (d)), his involuntary waiver of trial by jury claim based on the alleged erroneous advice of counsel (claim 3) and his claim that the state court exceeded its jurisdiction by departing from proper judicial proceedings (claim 4) are procedurally defaulted.  Therefore, this Court is precluded from reviewing the merits of these claims.

## B. Merits Review

In light of the above, petitioner's sufficiency of the evidence claim and claim that counsel was ineffective by failing to file a written Motion for New Trial are properly before this Court for review on the merits.  These claims are addressed below.

### Standard of Review

This *habeas* petition was filed on June 23, 2011; therefore the standard of review is set forth in 28 U.S.C. § 2254(d), as amended in 1996 by the Antiterrorism and Effective Death Penalty Act (AEDPA).  *Knox v. Johnson,* 224 F.3d 470, 476 (5th Cir. 2000); *Orman*

*v. Cain,* 228 F.3d 616, 619 (5th Cir. 2000).[8]  AEDPA substantially restricts the scope of federal review of state criminal court proceedings in the interests of federalism, comity, and finality of judgments.  *Montoya v. Johnson*, 226 F.3d 399, 403-04 (5th Cir. 2000) *citing Teague v. Lane,* 489 U.S. 288, 306, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989) and *Williams v. Taylor,* 529 U.S. 362, 120 S.Ct. 1495, 1516, 146 L.Ed.2d 389 (2000)[9] (noting that AEDPA "placed a new restriction on the power of federal courts to grant writs of *habeas corpus* to state prisoners").

Title 28 U.S.C. § 2254(d) as amended, states as follows:

**(d)** An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

>  **(1)** resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

>  **(2)** resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

---

[8]Before enactment of AEDPA, "a federal court entertaining a state prisoner's application for *habeas* relief   . . .  exercise[d] its independent judgment when deciding both questions of constitutional law and mixed constitutional questions (i.e., application of constitutional law to fact).  In other words, a federal *habeas* court owed no deference to a state court's resolution of such questions of law or mixed questions."  *Montoya ,* 226 F.3d at 403-04  *citing Williams v. Taylor,* 529 U.S. 362, 120 S.Ct. 1495, 1516, 146 L.Ed.2d 389 (2000) and 28 U.S.C. S 2254(d) (West 1994).

[9]Justice O'Connor delivered the opinion of the Court with respect to the standard of review, while Justice Stevens delivered the opinion of the Court with respect to other aspects of the opinion which have no bearing on the issues herein.  Accordingly, the undersigned will refer to Justice Steven's opinion as a concurring opinion.

Under the deferential scheme of § 2254(d), as amended, this court must give deference to a state court decision for "any claim that was adjudicated on the merits in State court proceedings" unless the decision was either "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States,"  28 U.S.C. § 2254(d)(1), or the decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d)(2).

A *habeas* petitioner has the burden under AEDPA to prove that he is entitled to relief.  *Ormon*, 228 F.3d at 619 *citing Williams,* 120 S.Ct. at 1518, and *Engle v. Isaac*, 456 U.S. 107, 134-35, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982).  Under § 2254(d), as amended, "[t]he federal courts no longer have a roving commission to discern and 'correct' error in state court proceedings, but must exercise a more limited review . . . ." *Grandison v. Corcoran*, 78 F.Supp.2d 499, 502 (D. Md. 2000).  Federal courts may not grant the writ merely on a finding of error by a state court or on a finding of mere disagreement with the state court.   *Montoya,* 226 F.3d at 404;  *Orman,* 228 F.3d at 619.

A decision is "contrary to" clearly established Federal law "if the state court arrives at a conclusion opposite to that reached by . . . [the Supreme Court] on a question of law or if the state court decides a case differently than . . . [the Supreme Court] has on a  set of materially indistinguishable facts."  *Dowthitt v. Johnson*, 230 F.3d 733, 740-41 (5th Cir. 2000) *citing Williams,* 120 S.Ct. at 1523;  *Montoya,* 226 F.3d at 403-04 *citing*

17

*Williams*, 120 S.Ct. at 1523.  "The 'contrary to' requirement 'refers to holdings, as opposed to the dicta, of . . . [the Supreme Court's] decisions as of the time of the relevant state-court decision.'"  *Dowthitt,* 230 F.3d at 740 *citing Williams*, 120 S.Ct. at 1523.

 Under the "unreasonable application" clause, a federal *habeas* court may grant the writ only if the state court "identifies the correct governing legal principle from . . . [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Dowthitt,* 230 F.3d at 741 *citing Williams,* 120 S.Ct. at 1523.  The standard is one of objective reasonableness. *Montoya,* 226 F.3d at 404 *citing Williams,* 120 S.Ct. at 1521-22.  A federal *habeas* court may not issue the writ "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. . . [r]ather, that application must also be unreasonable." *Williams,* 120 S.Ct. at 1522.

 Section 2254(d)(2) speaks to factual determinations made by the state courts. *Dowthitt,* 230 F.3d at 741.  Federal *habeas* courts presume such determinations to be correct; however, the petitioner can rebut this presumption by clear and convincing evidence.  *Id.*  Thus, this court must defer to the state court's decision unless it was based on an unreasonable determination of the facts in light of the record of the State court proceeding.  *Id. citing* 28 U.S.C. § 2254(d)(2); *Knox,* 224 F.3d at 476 *citing Chambers v. Johnson,* 218 F.3d 360, 363 (5th Cir. 2000).

## I.  Sufficiency of the Evidence

Petitioner argues that there was insufficient evidence to support his conviction because no one positively identified him as the person who robbed the Conoco station in Eunice.  More specifically, Vallier complains that the victim, Charitie Satchell ("Stachell"), did not correctly identify him after the robbery because her description of the perpetrator did not match his physical description,  and that the testimony of witness, Margarita Stevens ("Stevens"), was unreliable because she initially told police that she did not see the perpetrator.

In rejecting this claim, the Louisiana Third Circuit Court of Appeal, extensively analyzed the evidence presented at trial, and found that the evidence was sufficient to support petitioner's convictions under the federal standard set forth by the United States Supreme Court in *Jackson v. Virginia.   State v. Vallier*, 2010 WL 1780277, *2-7 (La. App. 3rd Cir. 2010).   More specifically, noting that Vallier's challenges were directed at the credibility of the witnesses, the assessment of which is for the trier of fact, the court held that "the testimonies of the victim and Stevens were sufficient to prove the state's case beyond a reasonable doubt." *Vallier*, 2010 WL 1780277, at * 2 and *7.  Because the Third Circuit's decision was not contrary to, or an unreasonable application of, federal law, nor was the decision an unreasonable determination of the facts in light of the state court record, under the applicable standard of review, the decision should not be disturbed.

The standard for reviewing the sufficiency of the evidence is whether, viewing the evidence in the light most favorable to the government, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 2788-89, 61 L.Ed.2d 560 (1979) (emphasis added); *Gibson v. Collins*, 947 F.2d 780, 781 (5th Cir. 1991) *quoting Jackson*, 443 U.S. at 319.  Thus, a federal court "may find the evidence sufficient to support a conviction even though the facts also support one or more reasonable hypothesis consistent with the defendant's claim of innocence."  *Gibson*, 947 F.2d at 783.  Stated differently, an applicant is entitled to *habeas corpus* relief only if it is found that "no rational trier of fact could have found proof of guilt beyond a reasonable doubt." *Id. citing Jackson,* 443 U.S. at 324; *West v. Johnson,* 92 F.3d 1385, 1393 (5th Cir. 1996) *citing Jackson*, 443 U.S. at 322-26.

This court applies the *Jackson* standard "giving great weight to the state court's determination."  *Gibson*, 947 F.2d at 782, 786; *Porretto v. Stalder*, 834 F.2d 461, 467 (5th Cir. 1987).  Both direct and circumstantial evidence can contribute to the sufficiency of the evidence underlying the conviction.  *Schrader v. Whitley*, 904 F.2d 282, 287 (5th Cir. 1990) *citing Jackson*, 443 U.S. at 319, 324-25, 99 S.Ct. at 2789, 2792; *Pate v. Wainwright*, 607 F.2d 669, 670 (5th Cir. 1979) (*per curiam*). The fact that most of the evidence against a defendant was circumstantial does not change the standard of review. *United States v. Zuniga-Salinas*, 945 F.2d 1302, 1305 (5th Cir. 1991) *citing United States v. Lechuga*, 888 F.2d 1472, 1476 (5th Cir. 1989).

20

Contrary to petitioner's position, as correctly noted by the Louisiana Third Circuit Court of Appeal, review of the sufficiency of the evidence does not include review of the weight of the evidence or the credibility of the witnesses, as those determinations are the exclusive province of the jury.  *United States v. Young*, 107 Fed.Appx. 442, 443 (5th Cir. 2004) *citing United States v. Garcia*, 995 F.2d 556, 561 (5th Cir. 1993); *Garcia*, 995 F.2d at 561 *citing United States v. Greenwood*, 974 F.2d 1449, 1458 (5th Cir. 1992); *See also Green v. Johnson,* 160 F.3d 1029, 1047 (5th Cir. 1998) *citing Jackson,* 443 U.S. at 319, 99 S.Ct. at 2789 (The trier of fact has broad discretion to "resolve conflicts in testimony, to weigh evidence, and to draw reasonable inferences from basic facts to ultimate facts.").  Thus, all credibility choices and conflicting inferences are to be resolved in favor of the verdict.  *Ramirez v. Dretke*, 398 F.3d 691, 695 (5th Cir. 2005) *citing United States v. Cyprian*, 197 F.3d 736, 740 (5th Cir. 1999).  Accordingly, "whether judges doubt the credibility of a witness . . . is beside the point . . . ." *Greenwood*, 974 F.2d at 1458.  The reviewing court is not authorized to substitute its interpretation of the evidence for that of the fact finder.  *Alexander v. McCotter*, 775 F.2d 595, 598 (5th Cir. 1985).

Louisiana law requires the following elements be proved to support a conviction for armed robbery:  that there was (1) a taking by the perpetrator, (2) of anything of value, (3) from the person of or in the immediate control of another, (4) by use of force or intimidation, (5) while the perpetrator was armed with a dangerous weapon. La. R.S. 14:64;  ;  *State v. Hampton*, 865 So.2d 284, 291 (La.App. 2nd Cir. 2004)*; State v. Collins,*

910 So.2d 454, 457-458 (La. App. 5th Cir. 2005). Vallier contests only his identity as the

perpetrator of the crime.

The relevant evidence presented at trial, in the light most favorable to the State as

required by *Jackson*, can be summarized as follows.  Immediately after the robbery,

Satchell told police that she didn't know who the robber was and also gave police a

general description of the robber, suggesting that the robber was shorter than Vallier.

However, when she went home and calmed down, Satchell realized that the robber was a

"familiar person" and then determined that the robber was a man that "got smart" with her

in the store before on two or three occasions. [tr. pg. 1030-1031].  She recognized

Vallier's voice and his eyebrows which had a "high pointy arch" in the middle. [tr. pg.

1033].  Satchell decided to check the newspapers then next day to verify that the police

caught the right guy "cause I know that's who it is and if they didn't get him, they don't

got [sic] the right guy." [tr. pg. 1031].  When the paper came out a day or two later,

Satchell saw the photograph of petitioner and confirmed that the police had captured the

right person. [tr. pg. 1031].  When asked if there was any doubt in her mind that Vallier

was the perpetrator, Satchell responded "No, there's no doubt in my mind.  If there was, I

would not be sitting here pointing the finger at somebody because I don't believe in

putting innocent people in - in jail for something they didn't do but I know beyond a

shadow of a doubt that he's the one who robbed me." [tr. pg. 1034].

Vallier explained the apparent discrepancy in her original estimate of Vallier's height stating "whenever I'm looking at someone like I'm not – I'm not like – I don't judge too good in height . . . . " [tr. pg. 1040].  She stated as an example that she is five feet two inches tall, and that although her boyfriend is five feet eight inches tall, "I think he's just an inch taller when I look at him.  To me he looks just an inch taller." [tr. pg. 1040].

Stevens, who lived across the street from the Conoco store, testified that she saw Demond Bradley ("Bradley") drive by going toward the Conoco store with passengers in the front and backseat of his vehicle. [tr. pg. 10-46-1047].  The rear seat passenger got out of the vehicle at the store. [tr. pg. 1048, 1065].  Bradley's car then passed by her house again. [tr. pg.  1049, 1066]. Thereafter, Vallier approached Stevens and asked if he could use her telephone; Stevens refused his request.  [tr. pg. 1049, 1067].  Bradley then returned, Vallier got back into the car, and they drove away. [tr. pg. 1051, 1067].

Stevens testified that she had no doubt and honestly believed that the person she saw going to the Conoco store was Vallier.  [tr. pg. 1051].  However, when the first police officer on the scene asked Stevens if she had seen the perpetrator, she responded, "no."  Stevens explained that at the time she was scared and nervous because she thought she would be considered an accessory to the crime because Vallier had gone to her house after the crime; she also explained that she "had friends around."  [tr. pg. 1050-1051, 1053-1054, 1067].  Stevens later, however, anonymously called the police and thereafter provided a written statement. [tr. pg. 1052, 1054-1055].

23

In light of the above, viewing the evidence in a light most favorable to the prosecution, the evidence presented at trial was more than sufficient to sustain petitioner's conviction for armed robbery. It is clear that the court could have found that petitioner was the perpetrator of the armed robbery based solely on the testimony of the victim, Satchell.  Under Louisiana law, the testimony of the victim alone may be sufficient to prove the elements of the offense.  *State v. Lofton,* 691 So.2d 1365, 1368 (La. App. 1st Cir. 1997); *State v. Anderson,* 2010 WL 8972085, *3 (La.App. 4th Cir. 2010) *citing State v.. Allen*, 661 So.2d 1078 ( (La. App. 4th Cir. 2005); *State v. Brown*, 77 So.3d 297, 299 (La. App. 1st Cir. 2011).

In this case, however, the evidence was even stronger because both the victim and Stevens identified petitioner as the perpetrator of the armed robbery.  Although petitioner challenges the veracity of Satchell's and Steven's testimony, it is not the province of this court, on sufficiency of the evidence review, to make credibility determinations. *See Young, Garcia, Greenwood* and *Ramirez*, supra.  Nor can this court find this testimony so incredible or insubstantial that, as a matter of law, it can be discounted.  To the contrary, Satchell's identification testimony was corroborated by eyewitness Stevens, and vice versa.  Considering  the "great weight" afforded  to the state court's determination and the above cited evidence, the undersigned finds that "any rational trier of fact could have found the essential elements of the crimes beyond a reasonable doubt."  Accordingly, as the Louisiana Third Circuit Court of Appeal found, this claim is without merit.

For these reasons, petitioner's sufficiency of the evidence claim does not warrant federal *habeas* relief.

## II.  Ineffective Assistance of Counsel

To prevail on an ineffective assistance of counsel claim, a petitioner must establish that (1) his attorney's representation fell below an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's deficient performance, the outcome of the proceedings would have been different.  *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 2064, 80 L.Ed. 2d 674 (1984).

The burden is on the petitioner to show that counsel's representation fell below an objective standard of reasonableness.  *Id.* at 688.  The court's scrutiny is "highly deferential" and the court must apply a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  *Id.* at 689-90.   Thus, "the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id*. at 689 *quoting Michel v. Louisiana*, 350 U.S. 91, 101, 76 S.Ct. 158, 100 L.Ed. 83 (1956) (internal quotation marks omitted). "A conscious and informed decision on trial tactics and strategy cannot be the basis for constitutionally ineffective assistance of counsel, unless it is so ill chosen that it permeates the entire trial with obvious unfairness." *Green*, 116 F.3d at 1122; *See also United States v. Cavitt*, 550 F.3d 430, 440 (5th Cir. 2008*) quoting Crane v. Johnson*, 178 F.3d 309, 314 (5th Cir. 1999).

*Strickland's* prejudice element requires a showing "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.[10]   A reasonable probability is a probability sufficient to undermine confidence in the outcome."  *Sayre v. Anderson*, 238 F.3d 631, 635 (5th Cir. 2001) *citing Strickland,* 104 S.Ct. at 2068.  A petitioner must affirmatively prove prejudice.  *Deville v. Whitley*, 21 F.3d 654, 659 (5th Cir. 1994); *Mangum v. Hargett*, 67 F.3d 80, 84 (5th Cir. 1995); *Earhart v. Johnson*, 132 F.3d 1062,1066 (5th Cir. 1998).  Self serving conclusory statements that the outcome would have been different "fall far short of satisfying *Strickland'*s prejudice element."  *Sayre*, 238 F.3d at 635.  Moreover, allegations of a mere possibility of a different outcome are insufficient to establish prejudice. *Lamb v. Johnson*, 179 F.3d 352, 358 (5th Cir. 1999).

Because both *Strickland* factors, that of deficient performance and prejudice, must be satisfied, "an ineffective assistance contention may be rejected on an insufficient showing of prejudice, without inquiry into the adequacy of counsel's performance."

---

[10]The *Strickland* court outlined the extent of prejudice that must be established by the defendant:
An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of the criminal proceeding if the error had no effect on the judgment.  *Cf. United States .v Morrison,* 449 U.S. 361, 364-65 (1981).

Defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability exists if the probability is sufficient to undermine confidence in the outcome.

When a defendant challenges a conviction, the question is whether there is reasonable probability that absent the errors the fact-finder would have a reasonable doubt respecting guilt.

*Strickland, supra*, at pages 691-692.

*Strickland,* 466 U.S. at 689-94.  Petitioner must satisfy both prongs of *Strickland,* demonstrating both that counsel's  performance was deficient and that the deficiency prejudiced the defense.  *Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir. 1999); *Green v. Johnson,* 160 F.3d 1029, 1035-36 (5th Cir. 1998). However, "[m]ere conclusory allegations in support of a claim of ineffective assistance of counsel are insufficient to raise a constitutional issue.*" Green,* 160 F.3d at 1043.

Petitioner claims that his trial counsel, Malbrough, was ineffective because counsel failed to file a supplemental written Motion for a New Trial within the ten day period following the July 7, 2006 hearing, and he was therefore inadvertently sentenced on August 4, 2006 before his Motion had been resolved.  While it appears that Malbrough did not, in fact, file a supplemental motion for new trial, petitioner has failed to demonstrate that he was prejudiced by his counsel's inaction.  The record demonstrates that petitioner's Motion for New Trial was eventually heard on May 7, 2009, a ruling on the Motion was subsequently issued on July 14, 2009 and petitioner was thereafter re-sentenced on September 3, 2009, after which petitioner exercised his appellate rights.

Further, petitioner has shown no prejudice as result of any delay in disposition of the Motion.  As noted by the Louisiana Third Circuit Court of Appeal with respect to petitioner's claim that his counsel should have acted to attain a timely hearing on the Motion, the passage of time had no effect on the trial court's disposition of the Motion. *State v. Vallier*, 2010 WL 1780277 at *10-11.  The trial court was provided with the trial transcript by new counsel, Olivier, at the hearing of the Motion, and the court obviously

27

reviewed the transcript prior to issuance of its ruling, as evidenced by the court's citations to colloquies of the testimony of Satchell and Stevens, as well as citations to their testimony and that of Detective Chevis.  Thus, the court had the details of the case fresh in mind when the ruling was issued.

Finally, petitioner has not shown any prejudice as a result of the trial court not having the benefit of additional written argument on the Motion.  The transcript of the Motion hearing evidences that Olivier orally argued the basis for the Motion. Thus, the court was provided sufficient argument on the Motion prior to issuance of its ruling.

In sum, petitioner has not demonstrated a reasonable probability that the outcome of his Motion for New Trial would have been different had petitioner's trial counsel, Malbrough, filed an additional pleading.  *Strickland, Sayre, supra*.  The mere possibility of a different outcome is insufficient. *Lamb, supra.*  Petitioner is therefore not entitled to relief on this claim.

## III.  Remaining Claims

Although the court is not required to reach the merits of petitioner's remaining procedurally defaulted claims, for completeness, the undersigned will briefly discuss each claim.

## Waiver of Jury Trial

Petitioner complains that trial counsel Malbrough was ineffective for advising him that is was in his best interest to waive his right to jury trial, and that this erroneous advise rendered his waiver of trial by jury involuntary.  Petitioner fails to demonstrate that he

was prejudiced by counsel's advice.  Given the overwhelming weight of the evidence of petitioner's guilt, including the in-court identification of petitioner as the armed robber by both Satchell and Stevens, there is no support in the record to suggest that the outcome of petitioner's trial would have been different had the case been tried to a jury.  *Strickland and Sayre, supra*.  Moreover, other than petitioner's conclusory allegations, there is nothing in the record to support petitioner's claim that counsel's advice was not in petitioner's best interests.  "Mere conclusory allegations in support of a claim of ineffective assistance of counsel are insufficient to raise a constitutional issue.*" Green,* 160 F.3d at 1043.  Accordingly, petitioner ineffective assistance of counsel claim merits no relief.

Any claim that petitioner's waiver was not knowingly, voluntarily and intelligently entered is likewise without merit and warrants no relief.  At the waiver hearing on January 10, 2006, the trial judge advised petitioner of his right to trial by jury, and petitioner, in open court, confirmed that he desired that the case to be presented to the judge rather than a jury.  Petitioner also stated, in open court, that he had an opportunity to discuss the effect of a waiver to trial by jury with his counsel and that his questions had been answered by counsel to his satisfaction. [tr. pg. 476-478].  Based on these representations, the Louisiana Third Circuit Court of Appeal found petitioner's jury trial waiver was valid.  *State v. Vallier*, 2010 WL 1780277 at *11-12.  "Solemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74,

97 S.Ct. 1621, 1629, 52 L.Ed.2d 136 (1977).  Nothing in the record before this Court convinces the undersigned that petitioner's waiver not knowingly, voluntarily and intelligently made.

**Direct Appeal**

Petitioner complains that his trial counsel, Malbrough, failed to file a direct appeal after his August 4, 2006 original sentencing.  While it appears that Malbrough did not, in fact, file a direct appeal,  petitioner has failed to demonstrate that he was prejudiced by his counsel's inaction.  The record demonstrates that petitioner was subsequently re-sentenced on September 3, 2009, after which his new counsel, Olivier, orally and by written Motion requested an appeal, and that a direct appeal was thereafter perfected.

Further, petitioner has shown no prejudice as result of any delay in disposition of his direct appeal.  Petitioner presented numerous claims to the Louisiana Third Circuit Court of Appeal, which reviewed the entire record of the proceeding and issued a detail well-reasoned decision on each of those claims, including the grant of a re-sentencing, which ultimately resulted in petitioner's receiving a lesser sentence on July 1, 2010. Petitioner has not demonstrated a reasonable probability that the outcome of his direct appeal would have been different had petitioner's original trial counsel filed an appeal after his August 2006 sentencing.  *Strickland, Sayre, supra*.  Indeed, the record belies any such argument as that sentencing was later vacated as premature.  Petitioner is therefore not entitled to relief on this ineffective assistance of counsel claim.

30

**Written Motion to Reconsider Sentence**

Petitioner complains that trial counsel Malbrough failed to file a written Motion to Reconsider petitioner's August 4, 2006 sentence. While it appears that counsel Malbrough did not, in fact, file a written Motion to Reconsider petitioner's sentence, petitioner has failed to demonstrate that he was prejudiced by his counsel's inaction.  The trial court ruled on petitioner's counseled and *pro se* Motions to Reconsider on September 7, 2006. Further, petitioner's August 4, 2006 sentence was thereafter vacated as premature and petitioner was re-sentenced on September 3, 2009 to the exact same sentence.  Petitioner directly appealed that sentence and was successful in having the sentence vacated. Accordingly, counsel's failure had no prejudicial effect whatsoever.  In sum, petitioner has not demonstrated a reasonable probability that the outcome of his August 4, 2006 sentencing would have been different had petitioner's original counsel filed a written Motion to Reconsider his sentencing.  *Strickland, Sayre, supra*.  Indeed, the record belies any such argument as that sentencing was later vacated as premature.  Petitioner is therefore not entitled to relief on this ineffective assistance of counsel claim.

**Departure from Proper Judicial Proceedings**

Petitioner complains that the trial court exceeded its jurisdiction by departing from proper judicial proceedings when it vacated petitioner's August 4, 2006 sentence and denied petitioner's Application for Post-Conviction Relief as premature after discovering that there was an outstanding Motion for New Trial which had not been ruled on, and

31

thereafter re-sentencing petitioner.  Petitioner cites no authority for his claim.  Moreover, the court is aware of none that would support petitioner's position.

Louisiana District Courts have exclusive original subject matter jurisdiction over all felony criminal proceedings.  La. Const. Article 5, § 16(A)(2).  Accordingly, the trial court acted within its jurisdiction entering orders, ruling on motions and imposing sentence in petitioner's felony proceeding.  Moreover, it is abundantly clear that the trial court acted in a procedurally proper manner when it vacated petitioner's August 4, 2006 sentence and denied petitioner's Post-Conviction Application as premature when the court discovered that petitioner's Motion for New Trial remained pending.  The court simply had no choice but to take those actions to rectify this oversight.  Finally, it is clear that petitioner suffered no prejudice from these actions – petitioner's Motion for New Trial was heard, he was re-sentenced and was thereafter able to exercise both his appellate and post-conviction rights.  This claim therefore warrants no relief.

## CONCLUSION

For the reasons set forth above;

**IT IS RECOMMENDED** that this petition for *habeas corpus* should be **DENIED AND DISMISSED WITH PREJUDICE**.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A  party

may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.** *See* 28 U.S.C. § 2253(c)(2). **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

Signed at Lafayette, Louisiana this 16th day of September, 2013.

C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE

Copy sent: RTH
On: 9/16/2013
By: MBD

33